**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VAREE EARNEST ENGLISH,

Plaintiff - Appellant,

v.

SANTA ANITA RACE TRACK, a
business form unknown; et al.,

Defendants - Appellees.

No. 08-55948

D.C. No. 2:06-cv-07994-GPS-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted December 8, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Appellant Varee English brought suit alleging that his former employer,

Santa Anita Race Track, wrongfully terminated his employment based on race and

in retaliation for a prior suit that he brought against another southern California

racetrack operator. English also sued two of his former co-workers, Ronald

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Taggart and Mark Mattick ("individual defendants"), alleging harassment and intentional infliction of emotional distress. In addition, he sued the Federation of California Racing Associations, Inc. ("Federation"), of which Santa Anita is a member, based on an "integrated enterprise" theory. The district court granted summary judgment in favor of the defendants.

While English's appeal was pending before this court, Santa Anita's parent company petitioned for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. This appeal was stayed pending the outcome of those proceedings. We took judicial notice of records from the bankruptcy proceeding. Those records demonstrate that English's attorney received notice of the bankruptcy action, the deadline for filing a proof of claim in the bankruptcy proceeding, and a proof of claim form. English never filed a proof of claim. In April 2010, the bankruptcy court entered an order confirming a corporate reorganization plan and discharging all claims against Santa Anita. *See* 11 U.S.C. § 1141(d)(1). Because English's claims against Santa Anita were among those discharged in bankruptcy, we dismiss English's appeal with respect to Santa Anita.

Any relief that English may be able to obtain from the bankruptcy court's order would have to be granted by the Delaware bankruptcy court. *See, e.g.*, Fed.

2

R. Bankr. P. 9006(b)(1).  We express no opinion as to the merits of any claims English might raise in the Delaware bankruptcy court.

English's claims against the remaining defendants are waived on appeal because he failed to support them with argument, citations to authority, or citations to the record in his opening brief.  *See* Fed. R. App. P. 28(a)(9)(A).  We will not address claims that are not "specifically and distinctly argued in appellant's opening brief," including claims that are "only argue[d] in passing" or are "bare assertion[s] . . . with no supporting argument."  *Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (citations omitted) (alterations in original).  English's emotional distress and harassment claims against the individual defendants and the Federation were included in the "Statement of the Case" section of his opening brief, but were not mentioned or supported by authority anywhere else in the brief.  English also asserts that the Federation is an "integrated enterprise."  But his bare assertion without supporting argument does not properly raise the issue on appeal.  We therefore dismiss English's claims against Taggart, Mattick and the Federation.

DISMISSED.